UTU SINAGEGE MORRIS, DAVID and
SOPO ETIMANI, Plaintiffs

v.

ALAIMALO TUMUAIALI'I, ROBERT F. PORTER,
and SIVIA JR. PAOLO, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 22-91

September 9, 1992

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel:     For Plaintiff Utu, Falefatu A. Utu
             For Defendant Paolo, Togiola T.A. Tulafono
             For Defendant Alaimalo, Pro Se

Plaintiff Utu Sinagege is the senior matai of the Utu family. He proposes to lease to plaintiffs David and Sopo Etimani, Utu family members, a 60' x 60' homesite on a certain portion of land which the parties refer to as Oloie, located in Auasi, Eastern District. The Etimanis would like to build a home, and a leasehold interest would facilitate financing. After the proposed lease was filed with the Secretary of the Land Commission, pursuant to A.S.C.A. § 37.0203, it attracted the objections of the defendants. The Land Commission then referred the matter to the Land and Titles Division.

The objection by Alaimalo Tumuaiali'i and Robert F. Porter is nothing more than an attempt revive a claim to ownership by Alaimalo, which was previously ruled against by the Land and Titles Division in *Sivia v. Alaimalo*, 13 A.S.R.2d 95 (1989), *appeal dismissed* 17 A.S.R.2d 25 (1990). The court there held that the Alaimalo family's entitlement

to Oloie was derived through membership in the Utu family. That holding is *res judicata*.

We also consider here whether Alaimalo, as a member of the Utu family, held an "assignment" of communal land from a former Utu titleholder, which a subsequent matai may not thereafter undo without cause. *See Taesaliali'i v. Samuela*, 3 A.S.R. 359 (1958); *Lutu v. Taesaliali'i*, 11 A.S.R.2d 80 (1989). However, the preponderance of the evidence is that the disputed site has been in the use and occupation of defendant David Etimani's side of the family for many years.

Defendant Sivia's objection is grounded on the submission that the disputed site is part of that land Oloie which was the subject matter of the dispute in *Utu and Paolo v. Fonoti*, 1 A.S.R. 208 (1907), and which the court had awarded to both Utu and Paolo. Sivia thus claims that Paolo's permission must also be sought with respect to the disputed homesite.

As to this objection, we are unable to conclude on the extent of the evidence presented that the site in dispute is indeed within the subject matter of the 1907 case. There was no attempt by Sivia to show this. On the other hand, the evidence, as above noted, showed use and occupation of the disputed site by Utu family members and a marked absence of anyone from the Paolo family. A visit to the site by the Court revealed a cluster of Utu family homes, as well as the sites of Utu homes removed by recent hurricanes, surrounding the disputed site.

On the foregoing, we conclude that the 60' x 60' site in question is Utu communal property available for lease by the senior matai to David and Sopo Etimani. Accordingly, the objections of Alaimalo and the Paolo family are hereby dismissed.

It is so ordered.